IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANEL N. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-33-NJR-PMF |
| | ) |
| UNITED STATES and BUREAU OF | ) |
| ALCOHOL, TOBACCO, FIREARMS | ) |
| AND EXPLOSIVES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Motion to Dismiss filed by Defendant United States of America (Doc. 9) and a Motion to Dismiss filed by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (Doc. 8). The motions assert that dismissal of Plaintiff's Amended Complaint is proper, pursuant to Federal Rule of Civil Procedure 4(i), because Plaintiff failed to properly perfect service on either Defendant. On April 9, 2015, Plaintiff filed responses to the motions (Docs. 10 and 11). For the reasons below, the motions are denied.

### BACKGROUND

On December 3, 2014, Plaintiff Janel Smith filed this *pro se* action against the United States seeking monetary damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) (*See* Doc. 1). On December 22, 2014, Plaintiff amended her complaint, adding the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") as a defendant (Doc. 3). In the Amended Complaint, Plaintiff asserts that ATF

and DOJ employees committed alleged "negligent, wrongful acts, and omissions" against her during the course of her employment, including workplace harassment, intimidation, and violence, in violation of common law, ATF regulations, federal statutes, and the Constitution. Both the original complaint (Doc. 1) and the Amended Complaint (Doc. 3) were filed in the United States District Court for the District of Columbia. By *sua sponte* orders, dated December 17, 2014, and December 22, 2014, the District of Columbia transferred this matter to the Southern District of Illinois (Docs. 2 and 4).

On January 28, 2015, a summons was issued as to the United States and ATF (Doc. 6). To date, however, no return of summons has been filed. On April 2, 2015, counsel entered an appearance on behalf of the United States and ATF and filed motions to dismiss. Defendants assert that Plaintiff has not perfected service under Rule 4(i). Specifically, Defendants contend that the Attorney General was served on February 4, 2015, with the original complaint (Doc. 1), but the United States Attorney's Office ("USAO") has not been served with either the original or amended complaint. Rather, Plaintiff served the USAO with a third complaint entitled "Original Complaint for Damages Under the Federal Tort Claims Act." The third amended complaint, however, has never been filed.

## DISCUSSION

The plain language of Rule 4(i) of the Federal Rules of Civil Procedure requires that, in order to properly serve the United States, a plaintiff must deliver a copy of the summons and the complaint to the USAO for the district in which the action is brought,

as well as send a copy of each by registered or certified mail to the Attorney General of the United States. FED. R. CIV. P. 4(i)(1); *see also McMasters v. United States*, 260 F.3d 814, 817-18 (7th Cir. 2001). In order to serve a United States agency or corporation, a party must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." FED. R. CIV. P. 4(i)(2).

Federal Rule of Civil Procedure 4(m) prescribes 120 days within which to effect service of summons and the complaint. In this case, Plaintiff initiated the action by filing a complaint on December 3, 2014. Therefore, under Rule 4(m), service should have been accomplished on or before April 2, 2015. But the Court has discretion to extend the period for service to be accomplished, for good cause shown, or even if there is no showing of good cause. *United States v. Ligas*, 549 F.3d 497, 500-501 (7th Cir. 2008); *see also Henderson v. United States*, 517 U.S. 654, 662-663 (1996).

Plaintiff asserts that after her case was transferred from the District of Columbia, she promptly contacted the Clerk of the District of Columbia seeking guidance regarding her amended complaint, as well as how to contact the USAO. Plaintiff asserts that she received "a letter with no instruction as to further case processing" and, as a result, filed the amended complaint with this Court on January 28, 2015.[1] Additionally, on the same date, Plaintiff avers that she also served the USAO and the Attorney General with the Amended Complaint. Although summons was issued on January 28, 2015, no additional complaint was filed on that date.

---

[1] It is unclear whether the amended complaint Plaintiff references is the Amended Complaint (Doc. 3) filed on December 22, 2014, and transferred from the District of Columbia, or the "third complaint," which Defendants assert they received but which was never filed with the Court.

In light of Plaintiff's *pro se* status, the Court finds that she has shown a good faith effort to effect service of process upon Defendants. At this juncture, counsel for Defendant has already entered an appearance. Nevertheless, proof of service has not been filed as to either Defendant as required by Rule 4(l). While a court must give a plaintiff reasonable time to cure a defect in service or grant an appropriate extension of time for service, nothing in the Federal Rules of Civil Procedure allows a judge to excuse service altogether. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4. *See Mid–Continent Wood Prod., Inc. v. Harris,* 936 F.2d 297, 301–02 (7th Cir.1991) (stating that neither actual notice nor substantial compliance is sufficient to satisfy the requirements of Rule 4).

## CONCLUSION

The pending motions to dismiss (Docs. 8, 9) are **DENIED**. Plaintiff is granted additional time, up to and including **July 27, 2015**, to properly effect service upon Defendants with the summons and operative Amended Complaint (Doc. 3). If Plaintiff wishes to file a third amended complaint, she must seek leave of Court pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiff is advised that failure to meet this deadline to properly effect service of summons and the Amended Complaint upon each Defendant will likely result in the dismissal of any Defendant not properly served.

IT IS SO ORDERED.

DATED:  June 8, 2015

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**