IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANEL N. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 15-33-NJR-PMF |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS THE UNITED STATES OF AMERICA

The defendant, United States of America, by its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Laura J. Jones, Assistant United States Attorney, moves this Court to dismiss plaintiff's amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and states as follows:

## INTRODUCTION

Plaintiff, Janel Smith, is an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in Fairview Heights, Illinois. This lawsuit stems from alleged employment disputes plaintiff had with her supervisor and a co-worker which include alleged discrimination, harassment, intimidation, and assault, all purportedly in violation of common law, ATF regulations, federal statutes, and the Constitution.[1]

---

[1] Plaintiff filed a complaint on December 3, 2014, in the U.S. District Court for the District of Columbia and named the United States as the defendant pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-80. By *sua sponte* order dated December 17, 2014, the U.S. District Court for the District of Columbia transferred the case to the U.S. District Court for the Southern District of Illinois. Plaintiff filed an amended complaint in the U.S. District Court for the District of Columbia on December 22, 2014, adding ATF as a defendant. (Doc. 3).

## FACTUAL BACKGROUND

### A. Plaintiff's Employment-Related Litigation with the Agency Resulting in Finding Against Plaintiff

#### 1. Plaintiff's Complaint of Discrimination (*Janel Smith v. Dep't of Justice*, EEOC No. 440-2012-00057X, ATF-2010-00740, OFO No. 01201401030)

Plaintiff filed a formal complaint of discrimination against ATF on January 7, 2011, wherein she alleged she was subjected to a hostile work environment and discriminated against based on her race (African American) and in retaliation for opposing discriminatory practices of ATF when the following events occurred:

1. From June 7, 2010, to September 21, 2010, her first line supervisor failed to address unprofessional behavior and inappropriate racial comments made to her by a Caucasian co-worker;

2. On September 22, 2010, she notified management of her filing of a complaint with the Office of Inspector General; and

3. On October 18, 2010, she received an overall "less than favorable" annual performance appraisal which included unfounded negative comments in the "attitude" element.

Plaintiff elected a hearing before the Equal Employment Opportunity Commission (EEOC), and the complaint proceeded to a hearing before an EEOC Administrative Judge (AJ). On November 8, 2013, the AJ issued an "Order Entering Judgment" in the agency's favor, finding no discrimination. The Department of Justice's Complaints Adjudication Office accepted and fully incorporated the AJ's decision on December 20, 2013.  Plaintiff, through her counsel, appealed to the Office of Federal Operations (OFO) on January 22, 2014. The appeal is currently

---

Plaintiff served the United States Attorney's Office and ATF with a third complaint entitled "Original Complaint for Damages Under the Federal Tort Claims Act" dated January 28, 2015, wherein she named the United States and ATF as defendants. That complaint, however, was never filed.  The United States and ATF filed motions to dismiss. (Docs. 8, 9). On June 8, 2015, the Court denied the motions and allowed plaintiff until July 27, 2015, to properly effect service with an operative amended complaint. (Doc. 12). Plaintiff subsequently served the United States with the previously filed amended complaint. (Doc. 3).

pending before OFO.

**2. Plaintiff's Individual Right of Action Appeal to the MSPB (*Smith v. Dep't of Justice*, CH-1221-13-0304-W-1; CH-1221-13-0304-W-2)**

Plaintiff also filed an Individual Right of Action (IRA) appeal with the Merit Systems Protection Board (MSPB) on February 22, 2013,[2] wherein she alleges whistleblower retaliation for making various protected disclosures to agency officials. Specifically, plaintiff alleged she was subjected to a change in duties; disparate treatment; a hostile work environment; and a lower performance rating as retaliation for making the following protected disclosures:

1. In September 2010, she reported to the Inspector General and filed an equal employment opportunity (EEO) complaint inferring that her supervisor, Lisa Storey, inflates numbers and federal firearms and explosives licensees inspections reported to Congress for her area office to justify keeping her current satellite office open and her budget;

2. Ms. Storey allegedly drinks during duty hours and receives gifts from a specific investigator in the office; and

3. This information was reported to Deputy Assistant Director Harry McCabe (retired) and Assistant Chief Counsel Eleaner Loos (retired) in December 2010.

This matter was heard before an administrative judge on April 9, 2015, with no ruling to date.

**B.    Allegations in the Amended Complaint**

Plaintiff alleges in her amended complaint that in September 2010 she informed management of her intent to file a complaint with the EEOC and a whistleblower complaint with the Inspector General. *See* Am. Compl. at p. 2 ¶ 1. Thereafter, she alleges that in December 2011, she assisted her supervisor, Lisa Storey, in changing the hard drive in her computer. *Id.* at ¶ 4. Plaintiff also alleges that throughout the processing of her complaints, she was harassed by Ms. Storey and her co-worker, Industry Operations Investigator Frances Bruce (retired), which

---

[2] Plaintiff is proceeding *pro se* in her MSPB appeal.

was known to the agency and on which the agency failed to act. *Id.* at p. 3 ¶ 6. Plaintiff alleges

that the "intimidation and harassment" escalated to workplace violence in 2013 when Ms. Bruce

"intentionally [hit] Plaintiff with stacks of paper." *Id.* at p. 3 ¶ 8.

### C.     Plaintiff's Administrative Claim

Plaintiff filed a Standard Form (SF) 95, "Claim for Damage, Injury, or Death," dated

March 11, 2014, wherein she alleged that on June 5, 2013, at 9:53 a.m., her co-worker, Frances

Bruce, threw papers at her and on her (physical contact). (Ex. A). Although she reported the

incident to her supervisor, Ms. Storey, plaintiff claims that Ms. Storey used her position to

intimidate her in an effort to deter/silence plaintiff. Plaintiff generally alleged that "ignoring the

misconduct has ranged from allowed verbal intimidations, to denying [plaintiff]

mandated/allowed (EEO Appeal) leave time, to elevated physical contact." *Id.* Plaintiff further

alleged that these incidents were never investigated or addressed. Plaintiff claimed a sum certain

of $500,000.00 for mental anguish and emotional distress. She did not attach any documents to

the claim. ATF denied the claim by letter dated June 3, 2014. [3]

### LEGAL ANALYSIS

Under the FTCA, plaintiff brings claims of abuse of process, defamation, intentional

infliction of emotional distress, conspiracy, and assault. Plaintiff also attempts to bring claims

under the FTCA alleging violations of the following: the Whistleblower Protection Act, Title

VII, 18 U.S.C. § 2071, the Fourteenth Amendment of the Constitution, and various ATF orders.

---

[3] Pursuant to 28 U.S.C. § 2401(b), an FTCA claimant has six months after the denial of her
administrative claim to file suit. The claim was denied on June 3, 2014, and plaintiff timely filed
this lawsuit on December 3, 2014. The U.S. District Court for the Southern District of Illinois
has venue pursuant to 28 U.S.C. § 1402(b), which provides that "[a]ny civil action on a tort
claim against the United States under subsection (b) of section 1346 of this title [28 U.S.C. §
1346] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act
or omission complained of occurred." 28 U.S.C. § 1402.

For the following reasons, the United States should be dismissed with prejudice with regard to these claims. For the reasons that follow, plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6).[4]

### A. Plaintiff Failed to Exhaust Her Administrative Remedies on Several Claims.

Plaintiff exhausted her administrative remedies with respect to the claims presented to the agency in her SF-95. The SF-95 (Ex. A) stated as follows:

> The Agency has been negligent by ignoring reported misconduct. This is a pattern. Ignoring has allowed the misconduct to evolve and elevate. In June 2013, my Coworker, Frances Bruce, threw papers at me and on me (physical contact). Although I reported the incident to Lisa Storey, she utilized her position to intimidate, in an effort to deter/silence me. Ignoring the misconduct has ranged from allowed verbal intimidations, to denying me mandated/allowed (EEO Appeal) leave time, to elevated physical contact. There are allegations of misconduct that were never investigated or addressed.

Regarding the "nature and extent of each injury," plaintiff's SF-95 provided:

> I am and have suffered deep mental anguish, sleepless nights, and emotional distress due to not knowing from day to day what will happen. Also, Lisa Storey has communicated on occasions how the Agency is tracking/monitoring me. The Agency tracking/monitoring is understood by past and present complaining parties, as the Agency's efforts to terminate an employee.

Thus, in her administrative claim, plaintiff appears to allege general negligence and

---

[4] To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts a plaintiff's well-pleaded facts as true and construes reasonable inferences in her favor. *Thulin v. Shopko Stores Operating Co.*, 771 F.3d 994, 997 (7th Cir. 2011). "[A]llegations in the form of legal conclusions, however, are insufficient." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

Under Rule 12(b)(1), the Court must accept all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). To withstand a Rule 12(b)(1) motion, plaintiff must competently prove by a preponderance of evidence that subject matter jurisdiction exists. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). Under Rule 12(b)(1), consideration of evidence extrinsic to the pleadings is appropriate. *Hay v. Ind. State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

assault and/or battery (*i.e.,* "elevated physical contact" causing her "deep mental anguish"). To the extent that plaintiff raises other allegations in her amended complaint (*i.e*., abuse of process, defamation, conspiracy, misrepresentation, deceit, interference with contract rights, violations of agency orders, constitutional violations, violation of 18 U.S.C. § 2071, Title VII violations, and violations under the Whistleblower Protection Act), those claims have not been properly exhausted under the FTCA because plaintiff failed to present them to ATF. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 (7th Cir. 2014) ("[b]efore a plaintiff can bring an FTCA action in court, she must present an FTCA 'claim' to the appropriate federal agency within two years after the claim accrues") (citing 28 U.S.C. §§ 2401(b), 2675(a)). Thus, plaintiff's amended complaint regarding these allegations should be dismissed without prejudice.

**B. <u>Sovereign Immunity Bars Certain Claims.</u>**

The United States is immune from suit unless it expressly waives its sovereign immunity and consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Under the FTCA, the United States waives its sovereign immunity for "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The alleged "negligent or wrongful act or omission" in this matter occurred in Illinois, so Illinois law applies here. *See* 28 U.S.C. § 1346(b)(1); *see Kaniff v. United States*, 351 F.3d 780, 790 (7th Cir. 2003) (applying Illinois law to purported tort occurring in Illinois).

**1.  Plaintiff's Intentional Tort Claims are Barred by the Intentional Tort Exception to the FTCA, 28 U.S.C. § 2680(h).**

The intentional tort exception "preserves sovereign immunity for [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h);[5] *see Millbrook v. United States,* --- U.S. ---, 133 S.Ct. 1441, 1444 (2013)*; LM ex rel. KM v. United States,* 344 F.3d 695, 698 (7th Cir. 2003). The plain language of § 2680(h) bars several claims in plaintiff's amended complaint.

**a.  Plaintiff's Assault and/or Battery Claim is Barred.**

Plaintiff's amended complaint seeks relief for alleged "simple assault" related to Ms. Bruce's act of throwing papers at her and on her. *See* Am. Compl. at p. 3 ¶ 8. To the extent those acts may be construed as "assault" or "battery,"[6] the claims are outside the waiver of sovereign immunity and must be dismissed. *See* 28 U.S.C. § 2680(h); *Starks v. Mitchel*, No. 12-cv-244-

---

[5] Section 2680(h) provides:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

[6] Under Illinois law, a person commits an assault when, "without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery." 720 ILCS § 5/12-1.  A person commits a battery "if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS § 5/12-3(a); *see McEwen v. United States*, No. 10-cv-152-DRH, 2010 WL 2720763, at *2 (S.D. Ill. July 8, 2010).

MJR, 2012 WL 3926914, at *3 (7th Cir. Sept. 10, 2012) ("assault and battery and other intentional tort claims generally cannot be brought against the United States under the FTCA").

While the United States has "re-waived" sovereign immunity for certain intentional torts to include assault by "investigative or law enforcement officers," Ms. Bruce was not an investigative or law enforcement officer" pursuant to § 2680(h). Before her retirement and at the relevant time, Ms. Bruce was an Industry Operations Investigator (IOI). The major duties of an IOI include "conduct[ing] investigations and inspections designed to carry out the Federal Government's regulatory responsibilities pertaining to firearms and explosives industries[;] identif[ying] evidence of falsification of records, inventories and document discrepancies through the analysis and examin[ation] of records, documents, and reports[; and] refer[ring] violations to criminal investigators for further action."[7] An IOI is *not* "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *See* 28 U.S.C. § 2680(h) (defining "investigative or law enforcement officer"). Therefore, the law enforcement proviso does not apply to her, these claims remain barred, and they should be dismissed with prejudice.

### b. **Plaintiff's Abuse of Process Claim is Barred.**

Plaintiff's amended complaint alleges that the defendant is liable for "abuse of process." Am. Compl. at p. 4 ¶ 9. The claim of abuse of process is barred by 28 U.S.C. § 2680(h). As stated above, Ms. Bruce was not an "investigative or law enforcement officer" under the law enforcement proviso, and this claim should be dismissed with prejudice.

### c. **Plaintiff's Defamation Claim is Barred.**

Plaintiff's amended complaint alleges that the United States is liable for defamation and

---

[7]  *See*  www.atf.gov/sites/default/files/assets/pdf-files/atf_p_2310_5_ioi_informational_packet.pdf. (attached as Ex. B for convenience).

8

that her reputation has been damaged.[8] Am. Compl. at p. 4 ¶ 9; p. 7 ¶ 1c. Libel and slander, however, are barred by 28 U.S.C. § 2680(h). This claim should be dismissed with prejudice.

### d.  **Plaintiff's Interference with Contract Rights Claim is Barred.**

Plaintiff's amended complaint alleges that the United States is liable for interference with contract rights. Am. Compl. at p. 5 ¶ 4. Plaintiff does not reference a contract or attach one to the amended complaint, and she failed to provide any facts for the basis of this claim. In any event, § 2680(h) bars interference with contract rights claims, and these allegations should be dismissed with prejudice.

### e.  **Plaintiff's Intentional Infliction of Emotional Distress Claim is Barred.**

Plaintiff alleges intentional infliction of emotional distress (IIED). *See* Am. Compl. at p. 4 ¶ 9. Although IIED is not one of the intentional torts listed in § 2680(h), the Seventh Circuit has generally stated that the "government has not consented to be sued for the intentional torts of its employees and agents." *See LM ex rel. KM*, 344 F.3d at 698.

Other courts have found that § 2680(h)'s language excluding "from coverage 'any claim *arising out of* ' any of the enumerated torts is barred." *Koch v. United States*, 209 F. Supp. 2d 89, 94 (D.D.C. 2002) (emphasis in original). Thus, any claim "arising out of" a claim of assault and battery is barred, even if it is not explicitly titled as an "assault" or "battery." *See id*. In order to determine whether an "arising out of" claim is excluded by § 2680, the Court must examine the actual conduct upon which the plaintiff bases the IIED claim. *Id*. (citations omitted); *see also*

---

[8]   A "defamation action provides redress for false statements of fact that harm reputation." *Brennan v. Kadner*, 351 Ill. App. 3d 963, 968 (2004). "To state a defamation claim, a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009). "A defamatory statement is a statement that harms a person's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with her or him." *Id.*

*Vallo v. United States*, 298 F. Supp. 2d 1231, 1235 (D.N.M. 2003) ("Plaintiff's assault and battery claim encompasses the claim of the proposed IIED, and the allegations that support those claims cannot be separated. Accordingly, the Court concludes that the alleged underlying governmental conduct essential to Plaintiff's proposed claim of IIED is fairly read to 'arise out of' the conduct that would tend to support the assault and battery claim"). If that alleged conduct constitutes a tort listed in § 2680, then the Court has no ability to hear the IIED claim. *Koch*, 209 F. Supp. 2d at 94.

Here, plaintiff's IIED claim arises from conduct she has characterized as simple assault from Ms. Bruce. As noted, assault and battery are torts specifically excluded by § 2680(h). Thus, plaintiff's IIED claim is barred by the intentional torts exception to the FTCA, and her claim must be dismissed.

In any event, even if not barred under § 2680(h), plaintiff could not state a claim for IIED which, under Illinois law, requires that:

> [f]irst, the conduct involved must be truly extreme and outrageous. Second, the actor must either *intend* that his conduct inflict severe emotional distress, or know that there is at least a high probability that this conduct will cause severe emotional distress. Third, the conduct must in fact cause *severe* emotional distress. [Emphasis original.]

*Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 702 (7th Cir. 1993) (citing *McGrath v. Fahey*, 126 Ill.2d 78, 86 (1988)). In other words, as recently stated by the Illinois Supreme Court, the tort of infliction of intentional emotional distress requires that the distress inflicted must be so severe that no reasonable person could be expected to endure it. *Turcios v. DeBruler Co.*, 2015 IL 117962, 32 N.E.3d 1117, 1127 (Ill. May 21, 2015) (citation omitted). The intensity and duration of the distress are to be considered in determining its severity. *Harriston*, 992 F.2d at 703 (citations omitted); *McGrath*, 126 Ill. 2d at 86.

In determining whether certain conduct is sufficiently outrageous to support an IIED claim, the Illinois Supreme Court has directed that one factor courts should consider is the level of power or authority that the defendant has over the plaintiff. *McGrath*, 26 Ill. 2d at 86. The more control a defendant has over the plaintiff, the more likely the defendant's conduct will be deemed outrageous. *Id.* at 86-87. Plaintiff in this case alleges that the person who committed the assault was a co-worker, not a supervisor, a factor militating against the viability of plaintiff's claim.

Plaintiff can neither prove that the alleged conduct is truly extreme and outrageous, nor can she prove that anyone intended to inflict or thought severe emotional distress was "certain or substantially certain" to result. *See Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 90 (Ill. 1976). "[L]iability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions or trivialities." *Id.* "'It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that [she] has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'" *Id.* at 91 (citation omitted). Plaintiff fails to state a claim for IIED under Illinois law, and this claim should be dismissed with prejudice.

### f.  Plaintiff's Misrepresentation and Deceit Claims are Barred.

Plaintiff also alleges misrepresentation and deceit in her amended complaint. *See* Am. Compl. at p. 5 ¶ 4. These claims are expressly excluded by the FTCA. 28 U.S.C. § 2680(h). The United States retains its sovereign immunity with respect to charges of misrepresentation and deceit. *Deloria v. Veterans Administration*, 927 F.2d 1009, 1013 (7th Cir. 1991) (claim encompasses allegations that federal officials conspired to distort medical records to deprive him

of benefits and misrepresent law).

In *Block v. Neal,* 460 U.S. 289, 296 (1983) (citing *United States v. Neustadt,* 366 U.S. 696, 697-98 (1961)), the Supreme Court again recognized that "the essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." The misrepresentation exception relieves the government of tort liability for injuries which are "'wholly attributable' to reliance on government misstatements." *See Janowsky v. United States*, 913 F.2d 393, 396 (7th Cir. 1990) (quoting *Block*, 460 U.S. at 297). Although plaintiff alleges misrepresentation, she has failed to identify any misstatements, and she has not alleged that she received misinformation from ATF.[9]   This claim must also be dismissed with prejudice. *See also Omegbu v. United States*, 475 Fed. Appx. 628, 629 (7th Cir. 2012) ("Because [plaintiff] alleged that federal officials deliberately falsified information in his file, his fraud claim is precisely the kind barred by the FTCA's exception for misrepresentation and deceit").

### g.  No *Respondeat Superior*

The FTCA's denial of *respondeat superior* liability for excluded torts by federal personnel extends to suits for garden-variety intentional torts by the purported tortfeasor's supervisors. *See Doe v. United States*, 838 F.2d 220, 224 (7th Cir. 1988); *LM ex rel. KM*, 344 F.3d at 700; *see also Glade ex rel. Lundscow v. United States*, 692 F.3d 718, 724 (7th Cir. 2012). "Plaintiff cannot sue the United States for negligent hiring, training, or supervision of its

---

[9] As the Seventh Circuit stated in *Preston v. United States*, 596 F.2d 232, 237 (7th Cir. 1979), "[i]t is not unusual for these and other plaintiffs to describe their cause of action in a way calculated to avoid the misrepresentation exception, but the courts have consistently looked behind the plaintiffs' characterization." "[L]ower courts should scrutinize the cause of action, and if a § 2680 exception applies, then courts should relieve the United States from the burden of defending against a lawsuit." *Williams v. Fleming*, 597 F.3d 820, 824 (7th Cir. 2010); *McEwen v. United States*, No. 10-cv-152-DRH, 2010 WL 2720763, at *2 (S.D. Ill. July 8, 2010).

employees when the employee's deliberate act causes [her] injury." *Gilbert-Mitchell v. Lappin*, No. 06-741-MJR, 2008 WL 904825, at *6 (7th Cir. Mar. 3, 2008). The FTCA precludes liability under the theory of *respondeat superior* for certain intentional torts such as battery. *See Lundscow*, 692 F.3d at 721. To the extent the amended complaint alleges *respondeat superior*, it should be dismissed with prejudice.

### 2.  Plaintiff's Claim Pursuant to § 2680(a) is Barred.

Plaintiff alleges that the United States violated 28 U.S.C. § 2680(a). She states: "Any claim based upon an act or omission of any employee of the Government, exercising due care, in the execution of a statute/regulations to include: Employee Rights, the Whistleblower Protection Act, and the Civil Rights Act." Am. Compl. at p. 5, ¶ 3. This section, however, invokes an exception to the FTCA for claims described in the section. Plaintiff has not alleged any facts to support a claim based on § 2680(a).  Plaintiff's allegations regarding § 2680(a) must be dismissed with prejudice.

### 3.  Plaintiff's Claims are Barred by FECA.

The Federal Employees Compensation Act (FECA) provides a comprehensive remedy to a federal employee for injuries "sustained while in the performance of his duty." 5 U.S.C. § 8102; *see Ezekiel*, 66 F.3d at 898 ("The liability imposed under FECA supplants all other liability on the part of the United States to an injured federal employee"). FECA defines "injury" as an injury by accident or a disease proximately caused by the employment. *See* 5 U.S.C. § 8101(5). Under FECA, the Secretary of the Labor possesses exclusive authority to administer claims, including the authority to make eligibility determinations. *See* 5 U.S.C. § 8145.

"FECA generally provides the only avenue for federal employees to seek compensation from the government for work place injuries." *Fuqua v. U.S. Postal Service*, No. 15-1054, 2015

WL 3514447, at *2 (7th Cir. June 1, 2015) (plaintiff filed FTCA action alleging intentional and negligent infliction of emotional distress). FECA coverage is exclusive to any other remedy, including the FTCA. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983) ("FECA's exclusive liability provision . . . was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity").

> The statutory language regarding the liability of the United States is explicit:

> The liability of the United States  [under FECA] … with respect to the injury or death of an employee *is exclusive and instead of all other liability of the United States . . . to the employee . . .* because of the injury or death in a direct judicial proceeding, in a civil action, . . . or under a Federal tort liability statute. (Emphasis added).

5 U.S.C. § 8116(c). Thus, federal employees are barred by FECA from bringing tort suits for employment-related injuries because the *exclusive* remedy for such claims is through non-judicially reviewable administrative proceedings before the Secretary of Labor under FECA, akin to private-sector workers' compensation. 5 U.S.C. §§ 8116(c), 8128(b); *Lockheed Aircraft Corp.*, 460 U.S. at 193-94 (1983); *Fuqua*, 2015 WL 3514447, at *1; *Ezekiel,*  66 F.3d at 898; *see Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437 (7th Cir. 1996) (en banc).

The Supreme Court has consistently recognized that FECA's exclusive liability provision was designed to protect the government from suits under statutes such as the FTCA which would otherwise waive the government's sovereign immunity for claims brought by non-employees. *See United States v. Lorenzetti*, 467 U.S. 167, 169 (1984) ("Because the United States' liability for work-related injuries under FECA is exclusive, see 8116(c), respondent cannot recover from the United States for losses such as pain and suffering that are not compensated under FECA"); *see also Kannaby v. U.S. Army Corps of Engineers*, 53 Fed. Appx. 776, at *4-5 (7th Cir. 2002)

("the exclusive remedy against the United States for non-constitutional employment-related injuries is a claim under FECA").

Plaintiff seeks, in part, damages for mental and emotional distress,[10] which are within the scope of FECA. The Secretary of Labor is the sole arbiter of what is a compensable injury under FECA. 5 U.S.C. §§ 8128(b)(2), 8145; *Lockheed Aircraft Corp.*, 460 U.S. at 193-94; *Kimble v. Donohoe*, 511 Fed. Appx. 573, 574 (7th Cir. 2013). District Courts in the Northern District of Illinois have generally deferred to the Secretary of Labor in determining whether particular claims for emotional distress fall within FECA coverage. *See Gustafson v. Thomas*, No. 11-5852, 2012 WL 1866407, at *3 (N.D. Ill. May 22, 2012) (the "Seventh Circuit has not addressed this question"); *Trammel v. Brown*, No. 94 C 149, 1995 WL 708666, at *4 (N.D. Ill. Nov. 30, 1995); *Norris v. Principi*, No. 03 C 4923, 2006 WL 2355591, at *4 (N.D. Ill. Aug. 11, 2006); *Rogers v. United States*, No. 03 C 3645, 2003 WL 22849148, at *2 (N.D. Ill. Dec. 1, 2003); *see also Switzer v. Runyon*, No. 97 C 5996, 1998 WL 70606, at *3 (N.D. Ill. Feb. 11, 1998).

The claim for intentional infliction of emotional distress is covered by FECA, or at the very least a substantial question exists as to FECA coverage to be decided by the Secretary of Labor. In either event, the District Court has no jurisdiction over such a claim. *Norris*, 2006 WL 2355591, at *4. Emotional injury claims are contemplated by the regulations governing FECA. Title 20 C.F.R. § 10.312 provides that a clinical psychologist may render services in connection with FECA cases, specifically differentiating between cases with or without accompanying physical components. In other words, the regulation recognizes that claims for emotional or psychological injuries, without accompanying physical injuries, may be considered by the Secretary of Labor. *Id.*; *see also* 5 U.S.C. § 8101(2) (defining a "physician" in the context of

---

[10] Intentional torts causing injury are within FECA's scope. *Gustafson v. Thomas*, No. 11-5852, 2012 WL 1866407, at *2 (N.D. Ill. May 22, 2012).

FECA as surgeons, podiatrists, dentists, clinical psychologists, optometrists, chiropractors, and osteopathic practitioners within the scope of their practice as defined by state law).

The Secretary of Labor has accordingly construed FECA as covering emotional distress claims. *See Matter of K.J.*, 2015 WL 1607504, *5-6 (Dept. of Labor Empl. Comp. App. Bd. Feb. 26, 2015) (instructing Office of Workers' Compensation Programs to reconsider VA employee's emotional distress claims); *In re Matter of Lillian Cutler*, 28 Empl. Comp. App. Bd. 125, 129-30, 1976 WL 5251, at *4-5 (Dept. of Labor Empl. Comp. App. Bd. Dec. 13, 1976) (emotional distress claims are cognizable under FECA). The decisions of the Secretary of the Department of Labor are final and conclusive for  all  purposes and are "not subject to review." 5 U.S.C. § 8128(b)(1-(2); *SW. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991). Therefore, as FECA is the exclusive remedy for injuries acquired in the workplace, including emotional distress claims, plaintiff's claims in this regard are barred for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and must be dismissed with prejudice.

### 4.    Certain Claims Seeking to Redress Alleged Employment Discrimination are  Pre-empted by Title VII.

The Supreme Court has held that section 717 of Title VII, 42 U.S.C. § 2000e-16, provides the exclusive, pre-emptive remedy for federal employees seeking to redress employment discrimination. *Brown v. General Services Administration*, 425 U.S. 820, 829-832 (1976). Otherwise, § 717 "would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible." *Id.* at 833. The Supreme Court cited the FTCA as an example. *Id.* at 834. Title VII provides the exclusive remedy for federal employee discrimination claims. *Bush v. Lucas*, 462 U.S. 367, 390 (1983).

Employees are entitled to a reasonable amount of official time to present EEO complaints. *See* 29 C.F.R. § 1614.605(b). The EEOC has stated that an allegation pertaining to

the denial of official time states a separate claim alleging a violation of the Commission's regulations, without requiring a determination of whether the action was motivated by discrimination. *See Edwards v. U.S. Postal Service*, EEOC Request No. 05960179 (Dec. 23, 1996), 110 LRP 68666 (1996) (attached as Ex. C). The Commission has the authority to remedy a violation of 29 C.F.R. § 1614.605 without a finding of discrimination. *Id.* Accordingly, to the extent plaintiff seeks to redress the alleged employment discrimination through her FTCA complaint, it is improper: Title VII is the proper remedy.[11]

**5.      Plaintiff's Claims are Barred Under the FTCA Because They Do Not Give Rise to State Law Tort Claims.**

The FTCA waives sovereign immunity for tortious acts of an agency's employees only if such torts committed in the employ of a private person would have given rise to liability under state law. *See* 28 U.S.C. § 1346(b). In other words, "without a state law tort the FTCA is irrelevant." *Columbus Regional Hospital*, 708 F.3d 893, 900 (7th Cir. 2013). The FTCA does not waive sovereign immunity for claims based on alleged violations of federal law. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Columbus Regional Hospital v. Fed. Emergency Mgmt. Agency*, 708 F.3d at 900 ("without a state law tort the FTCA is irrelevant"). This means the Court must find a parallel to plaintiff's claims under Illinois law. *See United States v. Olson*, 546 U.S. 43, 44 (2005). Plaintiff's claims under 18 U.S.C. § 2071 and alleged violations of agency orders are not applicable to private individuals and thus do not give rise to state law torts.

### a.   Plaintiff's Claims Under 18 U.S.C. § 2071

Plaintiff alleges that she assisted her supervisor in changing her hard drive from her computer after plaintiff filed a whistleblower complaint and before engaging in a discovery request in an EEOC case, which she says violated 18 U.S.C. § 2071. Am. Compl. at p. 2, ¶ 4; p.

---

[11] As stated earlier, *see* pp. 2-3, the plaintiff has already availed herself of this option.

6 ¶ 5. Plaintiff does not state what evidence was purportedly removed or whether a "back-up" was, in fact, performed. Title 18 U.S.C. § 2071 is a criminal statute relating to the concealment, removal, or mutilation of government records. Criminal statutes do not provide for private civil causes of action. *Allen v. Ashcroft*, No. 03-441-MJR, 2006 WL 1882672, at *3 (S.D. Ill. July 7, 2006); *see Dugar v. Coughlin*, 613 F.Supp. 849, 852 n. 1 (S.D.N.Y. 1985) (no private right to sue under § 2071).[12] Accordingly, this claim must be dismissed with prejudice.

### b.  Plaintiff's Alleged Violations of Agency Orders

Plaintiff also alleges violation of various internal agency policies (ATF Order 1340.4A and ATF Order 8610.1B). *See* Am. Compl. at p. 6 ¶¶ 5, 6. However, ATF orders are only applicable to ATF employees and provide no substantive basis for which an employee may sue the United States. Any alleged violations fail to state a claim under the FTCA because they do not give rise to state law tort claims and should be dismissed with prejudice. *See Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 776 (7th Cir. 2011) (state tort law, not federal law, is the source of substantive liability under the FTCA).

### c.  Plaintiff's Alleged Constitutional Violations

The FTCA does not apply to claims brought "for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A); *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Therefore, plaintiff's claims of constitutional violations are not proper under the FTCA and

---

[12] Courts have dismissed claims where plaintiffs have attempted to raise a criminal conspiracy under the FTCA by alleging violations of criminal statutes such as 18 U.S.C. § 2071 because the statute does not give rise to a state law tort claim. *Friday v. United States*, No. 92-888-FR, 1993 WL 165656, at *2 (D. Ore. 1993), *aff'd by* 21 F.3d 1113 (9th Cir.) (Table, text in Westlaw, No. 91-50201), *cert. denied*, 513 U.S. 859 (1994) (dismissing the complaint, which among other things raised violation of 18 U.S.C. § 2071 because it failed to give rise to a state law tort claim). Plaintiff has no right to compel a criminal prosecution. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2008); *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty*, 548 F.3d 595, 597 (7th Cir. 2008); *see Sutherland v. Leonart*, 507 Fed. Appx. 598, 599 (2013).

should be dismissed with prejudice. *See* Am. Compl. at p. 6 ¶ 7.

### d.  Plaintiff's Alleged Violations of Other Federal Statutes

Plaintiff claims the United States violated the Whistleblower Protection Act of 1989 because various ATF employees, including former director B. Todd Jones, learned of the continued harassment and did not enforce the protection afforded to plaintiff under this act.  Am. Compl. at p. 5 ¶ 1. She also states that for the same reason various ATF employees violated the Civil Rights Act of 1964. Am. Compl. at p. 5 ¶ 2. The FTCA, however, does not provide a waiver of sovereign immunity to enforce civil rights acts in cases brought pursuant to the FTCA. Insofar as plaintiff alleges that the United States violated these acts as a basis of the FTCA action, those claims should be dismissed with prejudice.[13]

### 5.  Plaintiff's Allegations that the Agency Failed to Investigate Fails to State a Claim.

Plaintiff complains the agency failed to investigate her claims. *See* Am. Compl. at p. 2 ¶ 2.  She has failed to state a claim for relief unless she identifies a requirement that the agency had to follow. *See Alfreds v. Social Security Administration*, 523 Fed. Appx. 406, 407 (7th Cir. 2013) (mandamus denied where plaintiff claimed agency failed to investigate her claim as no claim for relief stated); *Deloria*, 927 F.2d at 1013-14 (claim that the VA was required to investigate is a non-discretionary duty).[14]

### 6.  Plaintiff's Claim for Damages Under the FTCA May Not Exceed the Amount Sought in Her FTCA Administrative Claim.

In her administrative claim, plaintiff sought $500,000. In her complaint, she seeks

---

[13] Again, plaintiff has already filed an IRA appeal with the MSPB pursuant to the Whistleblower Protection Act.  *See* p. 3.

[14]   These cases do not cite the discretionary function exception to the FTCA. *See* 28 U.S.C. § 2680(a).

damages of $4,000,400.00. Am. Compl. at p. 7, pt. V (request for relief). Because plaintiff has not cited to newly discovered evidence or intervening facts that would justify a damages award in excess of the amount sought in her claim, the FTCA bars the recovery of any sums in excess of $500,000. *See* 28 U.S.C. § 2675(b).

**7.   Plaintiff is Not Entitled to a Jury Trial or Attorney's Fees Under the FTCA.**

In her request for relief, plaintiff seeks attorney's fees and a jury trial. Am. Compl. at p. 7. There is no right to a jury trial under the FTCA. 28 U.S.C. § 2402. The amount of attorney's fees is limited or "capped" under the FTCA. 28 U.S.C. § 2678. Plaintiff does not have any attorney to invoke § 2678 and is not entitled to fees herself.

<u>**CONCLUSION**</u>

For these reasons, the defendant, United States of America, requests that this Court dismiss the unexhausted claims in plaintiff's amended complaint without prejudice and dismiss the remaining claims with prejudice.

UNITED STATES OF AMERICA

STEPHEN R. WIGGINTON
United States Attorney

*<u>/s/ Laura J. Jones</u>*
LAURA J. JONES
Assistant United States Attorney
United States Attorney's Office
9 Executive Drive
Fairview Heights, IL  62208
Phone:  618-628-3700
Fax:      618-622-3810
E-mail: Laura.Jones@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANEL N. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 15-33-NJR-PMF |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2015, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system and I hereby certify that I mailed, by United States

Postal Service, the document to the following non-registered participant:

> Janel N. Smith
> 813 Columbia Avenue
> Fairview Heights, IL  62208

UNITED STATES OF AMERICA

STEPHEN R. WIGGINTON
United States Attorney

*/s/ Laura J. Jones*
LAURA J. JONES
Assistant United States Attorney
United States Attorney's Office
9 Executive Drive
Fairview Heights, IL  62208
Phone:  618-628-3700
Fax:     618-622-3810
E-mail: Laura.Jones@usdoj.gov