## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JANEL N. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-CV-33-NJR-PMF** |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | |
| **and BUREAU OF ALCOHOL,** | ) | |
| **TOBACCO, FIREARMS AND** | ) | |
| **EXPLOSIVES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Currently before the Court are motions to dismiss filed by the United States of America ("the United States") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (Docs. 15, 16). Smith responded to both motions (Docs. 17, 18); neither the United States nor the ATF filed a reply brief. After carefully considering the parties' submissions, and for the reasons explained below, the motions are granted.

### <u>BACKGROUND</u>

The allegations in the *pro se* amended complaint regarding the course of events giving rise to this lawsuit are quite murky. The Court has done its best to piece together the background based on the allegations in the amended complaint (Doc. 3), the facts presented by the United States in its motion to dismiss (Doc. 16), and the information provided by Smith in her response (Doc. 18).

Plaintiff Janel Smith is an African-American woman who works as an investigatory analyst for the ATF in Fairview Heights, Illinois. Smith claims that one of her co-workers, Frances Bruce, acted unprofessionally towards her and made inappropriate racial comments to her (*see* Doc. 16, p. 2). Smith reported the incidents to her supervisor, Lisa Storey, but Smith claims Storey failed to take any action (*see* Doc. 16, p. 2; Doc. 3). Consequently, Smith notified ATF management in September 2010 that she intended to file a complaint (Doc. 3). Smith purportedly filed a complaint with the EEOC (presumably an informal complaint) and the Office of the Inspector General ("OIG") that same month (Doc. 16, p. 2).[1] The following month, Smith received an overall "less than favorable" annual performance appraisal (Doc. 16, p. 2).

Smith claims that in December 2010, she participated in some type of dispute resolution or hearing, during which she made "[w]histleblower protected disclosures" against Storey (Doc. 3; *see also* Doc. 16, p. 2). Specifically, she claims she told high-level ATF officials that Storey falsified reports, drank during duty hours, and accepted gifts from an investigator in the office (Doc. 16, p. 2). Apparently unable to settle the dispute during the dispute resolution process, Smith filed her formal complaint for racial discrimination with the EEOC in January 2011, essentially alleging that she received the negative performance review in retaliation for filing the informal EEOC complaint and the OIG complaint (Doc. 16, p. 2).

Smith claims that the harassment continued after she filed her complaints (Doc.

---

[1] In her complaint to the EEOC, Plaintiff indicates that she filed a complaint with the Office of the Inspector General in September 2010 (*see* Doc. 16, p. 2). In the amended complaint in this case, Smith claims that the OIC complaint was misplaced or lost for over two years (Doc. 3). It is unclear what the outcome of this complaint was.

3). According to Smith, Storey made "demeaning and intimidate[ing] threats," such as telling Smith that the Department of Justice was tracking her, that she would go bankrupt if she sued the ATF, that she would lose any fight she waged against a government agency, and that federal employees who file complaints are "blacklisted" (Doc. 3). And in December 2011—before responding to the EEOC's discovery request regarding Smith's complaint—Storey changed the hard-drive in her computer (Doc. 3). There was also an alleged incident of workplace violence when Bruce intentionally hit Smith with stacks of paper in June 2013 (Doc. 3).

Smith alleges that a number of superiors within the ATF and government employees outside of the ATF were informed of or knew about the harassment she suffered from Storey and Bruce, but they turned a blind eye to it (Doc. 3). According to Smith, the ATF has "an unfortunate and publicized reputation and history" of ignoring its employees' complaints of workplace harassment and permitting others to harass and retaliate against those employees in an effort to silence them or cover-up their complaints (Doc. 3).

As for Smith's EEOC complaint, she elected a hearing before an Administrative Judge to resolve the complaint (Doc. 16). On November 8, 2013, the Administrative Judge issued a decision in the agency's favor, finding no discrimination (Doc. 16). The decision became final on December 20, 2013 (*see* Doc. 16; Doc. 25-1). Smith appealed to the Office of Federal Operations, who ruled against Smith and affirmed the ATF's final decision on April 28, 2016 (Doc. 25-1).

While her EEOC complaint was pending, Smith filed an Individual Right of

Action appeal with the Merit Systems Protection Board ("MSPB") on February 22, 2013, in which she alleged whistleblower retaliation for making various protected disclosures to agency officials (Doc. 16). Specifically, Smith alleged she was subjected to a change in duties; disparate treatment; a hostile work environment; and a lower performance rating as retaliation for making the previously mentioned protected disclosures against Storey (Doc. 16). This matter was heard before an Administrative Judge on April 9, 2015, with apparently no ruling to date (Doc. 16).

Smith also filed an administrative claim under the FTCA using a Standard Form 95 on March 11, 2014 (Doc. 16-1). She alleged that on June 5, 2013, at 9:53 a.m., her co-worker, Frances Bruce, threw papers at her and on her (Doc. 16-1). Smith further alleged that she reported the incident to Storey, but Storey used her position to intimidate Smith in an effort to deter/silence her (Doc. 16-1). Smith generally alleged that "ignoring the misconduct has ranged from allowed verbal intimidations, to denying [Smith] mandated/allowed (EEO Appeal) leave time, to elevated physical contact" (Doc. 16-1). Smith further alleged that these incidents were never investigated or addressed. ATF denied the claim by letter dated June 3, 2014 (Doc. 16).

On December 3, 2014, Smith filed her *pro se* complaint in the United States District Court for the District of Columbia seeking monetary damages against the United States for "negligent, wrongful acts, and omissions" that were committed against her by government employees during the course of her employment (Doc. 1). The District of Columbia District Court determined that the Southern District of Illinois was the proper venue for Smith's case, and it was transferred here (Doc. 2). Smith then amended her

complaint to add the ATF as a Defendant (Doc. 3). The United States and the ATF responded to the complaint by filing the motions to dismiss that are presently before the Court (Docs. 15, 16).

**DISCUSSION**

### I.   NATURE OF THE CLAIMS

Before proceeding with the substantive analysis of the motions to dismiss, the Court finds it necessary to address the nature of the claims presented in the amended complaint. The amended complaint is not a model of clarity, and it is difficult to discern exactly what claims Smith intended to bring. For example, the amended complaint is titled "Complaint for Damages Under the Federal Tort Claims Act," and it indicates that "the claims herein are brought . . . pursuant to the Federal Tort Claims Act . . . " (Doc. 3, p. 1). But then it goes on to allege that Defendants violated the Whistleblower Protection Act of 1989, Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2680(a), 28 U.S.C. § 2680(h), 18 U.S.C § 2701, more than one ATF Order, and the Fourteenth Amendment to the Constitution (Doc. 3).

Defendants construed the amended complaint as though all of Smith's claims were brought under the FTCA, as opposed to any independent and stand-alone claims separate and apart from the FTCA (*see* Doc. 15; Doc. 16, pp. 4–5). At this point, the Court also believes that Smith intended to raise only FTCA claims. To the extent that Smith intended to assert claims independent of the FTCA, such as a claim under Title VII or a *Bivens* claim, she will be allowed to amend her complaint to do so.

For the sake of clarity and convenience, the Court will refer to Smith's claims as follows:

**Count One:** Claim under the FTCA against the ATF and the United States for assault;

**Count Two:** Claim under the FTCA against the ATF and the United States for abuse of process;

**Count Three:** Claim under the FTCA against the ATF and the United States for defamation;

**Count Four:** Claim under the FTCA against the ATF and the United States for intentional infliction of emotional distress;

**Count Five:** Claim under the FTCA against the ATF and the United States for conspiracy;

**Count Six:** Claim under the FTCA against the ATF and the United States for interference with contract rights;

**Count Seven:** Claim under the FTCA against the ATF and the United States for misrepresentation and deceit;

**Count Eight:** Claim under the FTCA against the ATF and the United States based on the removal of the hard-drive from her supervisor's computer before discovery was completed on Smith's EEOC claim, in violation of ATF Order 1340.4A and 18 U.S.C. § 2071;

**Count Nine:** Claim under the FTCA against the ATF and the United States based on their failure to stop the harassment from Smith's supervisor, in violation of ATF Order 8610.1B;

**Count Ten:** Claim under the FTCA against the ATF and the United States for harassing and retaliating against Smith for filing a discrimination complaint and failing to remedy the continuous harassment, in violation of the Whistleblower Protection Act of 1989;

**Count Eleven:** Claim under the FTCA against the ATF and the United States for harassing and retaliating against Smith for filing a discrimination complaint, in violation of Title VII of the Civil Rights Act of 1964;

**Count Twelve**: Claim under the FTCA against the ATF and the United States for violating Smith's due process rights by establishing a pattern or practice of harassing and retaliating against employees who file discrimination complaints or engage in whistleblowing.

## II.   LEGAL STANDARD

The ATF seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. 15). The United States seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim (Doc. 16). For each of the arguments set forth by the United States, however, the Seventh Circuit precedent requires dismissal on the merits under Rule 12(b)(6), not under Rule 12(b)(1). *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 n.1 (7th Cir. 2014) (dismissal based on statutory exception to the FTCA or the FTCA's exhaustion requirement is pursuant to Rule 12(b)(6); *Richards v. Kiernan*, 461 F.3d 880, 886 (7th Cir. 2006) (holding the appropriate basis for dismissing constitutional claims that are precluded by the Civil Services Reform Act is failure to state a claim upon which relief can be granted, not lack of subject matter jurisdiction).

The purpose of a motion to dismiss under Rule 12(b)(6) is to address the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See, e.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir.

2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, the complaint must allege facts sufficient to "'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.   THE FEDERAL TORT CLAIMS ACT

"The Federal Government cannot be sued without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). The FTCA is a limited waiver of the government's sovereign immunity from suit in certain cases involving negligence by federal employees in the course of their employment. *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484–85 (2006) (citing 28 U.S.C. § 1346(b)(1)). Specifically, under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." *Dolan*, 546 U.S. at 486 (citing 28 U.S.C. § 2674).

### A.   The ATF's Motion to Dismiss (Doc. 15).

The ATF argues that the United States is the only proper defendant for an FTCA claim, and therefore the ATF should be dismissed from this action pursuant to Rule 12(b)(6) (Doc. 15). In response, Smith cites to several cases and argues that it has not been conclusively established that she may only bring her FTCA claim against the United States (Doc. 17). Smith's protestations are unpersuasive, however, because it is well-established that federal agencies, such as the ATF, are not subject to suit under the FTCA; the United States itself is the only proper defendant. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action." (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001)));

*Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."); *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) ("Because a federal agency cannot be sued under the Federal Tort Claims Act, the United States is the proper defendant."); *Kroggel v. Runyon*, 993 F.2d 1550, at *3 (7th Cir. 1993) ("Under the FTCA, only the United States may be named as a defendant, federal agencies or individuals may not be named."); *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) ("The FTCA, however, precludes tort suits against federal agencies."); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ("The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees . . . . Individual agencies of the United States may not be sued.")

Consequently, the ATF is dismissed from this action with prejudice.

### B.  The Motion to Dismiss filed by the United States (Doc. 16)

#### 1.  Counts one, two, three, six, and seven re: assault, abuse of process, defamation, interference with contract rights, misrepresentation, and deceit

In counts one, two, three, six, and seven, Smith asserts claims under the FTCA against the United States for assault, abuse of process, defamation, interference with contract rights, misrepresentation, and deceit. The United States argues that these claims must be dismissed because the FTCA's waiver of sovereign immunity does not extend to intentional torts (Doc. 16). The Court agrees.

The FTCA's waiver of sovereign immunity is subject to a number of exceptions set forth in 28 U.S.C. § 2680. The exception relevant in this case is the "intentional tort exception,"[2] which preserves the government's immunity from suit for "[a]ny claim arising out of assault, battery . . . abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Smith's claims in counts one, two, three, six, and seven are precisely the kind barred by the FTCA's intentional tort exception. Consequently, these claims must be dismissed with prejudice.[3]

### 2. Count four re: intentional infliction of emotional distress

In count four, Smith asserts an FTCA claim against the United States for intentional infliction of emotional distress ("IIED"). The United States argues that, even though IIED is not one of the torts explicitly listed in § 2680(h), it is nevertheless excluded under that provision because the IIED claim "aris[es] out of" one of the enumerated torts (Doc. 16). 28 U.S.C. § 2680(h). Specifically, the United States claims that the IIED claim is based on the incident where Smith's co-worker threw paper at her, meaning it arises out of assault and is therefore barred by § 2680(h) (Doc. 16). The Court disagrees. Smith's IIED claim appears to be based not only on the paper-throwing incident, but also on the harassment and retaliation that she allegedly suffered from her supervisor. Therefore, the IIED claim is based on conduct above and beyond the assault

---

[2] "This shorthand description is not entirely accurate [because] § 2680(h) does not remove from the FTCA's waiver all intentional torts, *e.g.*, conversion and trespass, and it encompasses certain torts, *e.g.*, misrepresentation, that may arise out of negligent conduct." *Levin v. United States*, 133 S. Ct. 1224, 1235 (2013).

[3] Dismissal is pursuant to Rule 12(b)(6). *See, e.g., Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 n.1 (7th Cir. 2014); *Reynolds v. United States*, 549 F.3d 1108, 1112 (7th Cir. 2008).

and consequently is not barred by that exception.

The Government next argues that Smith failed to state a claim for intentional infliction of emotional distress under Illinois law (Doc. 16). The Court agrees with this argument. "The FTCA authorizes suits against the United States for torts committed by federal officials if the same acts would create liability for private persons under applicable state tort law." *Reynolds v. United States*, 549 F.3d 1108, 1111 (7th Cir. 2008) (citing 28 U.S.C. § 1346(b)(1)); *Kaniff v. United States*, 351 F.3d 780, 790 (7th Cir. 2003). Under Illinois law, to succeed on a claim for intentional infliction of emotional distress, a plaintiff must prove that: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress." *Swearnigen–El v. Cook Cty. Sheriff's Dept.*, 602 F.3d 852, 864 (7th Cir. 2010).

With regard to the first prong, the defendants' conduct "must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Swearnigen–El*, 602 F.3d at 864; *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not amount to extreme and outrageous conduct. *Honaker*, 256 F.3d at 490. Instead, "to serve as a basis for recovery, the defendant's conduct must be such that the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim: Outrageous!" *Honaker*, 256 F.3d at 490 (citation and internal alteration omitted).

In the employer/employee context, "courts often hesitate to find a claim for

intentional infliction of emotional distress." *Graham v. Commonwealth Edison Co.*, 742 N.E.2d 858, 867 (Ill. App. Ct. 2000) (citations omitted). "Courts are concerned that, if everyday job stresses resulting from discipline, personality conflicts, job transfers, or even terminations could give rise to a cause of action for intentional infliction of emotional distress, nearly every employee would have a cause of action." *Id.* (citations omitted). Courts will find extreme and outrageous behavior to exist only where the employer "clearly abuses the power it holds over an employee in a manner far more severe than the typical disagreements or job-related stress caused by the average work environment." *Lewis v. Sch. Dist. #70*, 523 F.3d 730, 747 (7th Cir. 2008) (quoting *Honaker v. Smith*, 256 F.3d 477, 491 (7th Cir. 2001)).

The Court agrees with the United States that the conduct described by Smith is not the type of extreme and outrageous conduct that would give rise to an intentional infliction of emotional distress claim. Smith claims that her supervisor and a co-worker harassed her, made threatening and discouraging comments to her about reporting their actions, and threw papers at her; she further claims that their superiors did nothing to stop them when Smith complained. Put simply, this is not behavior that exceeds all bounds of human decency.[4] The Court believes that an average member of the

---

[4] *See Bannon v. Univ. of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007) (no "extreme and outrageous" conduct where employee complained of being excluded from meetings, being denied the responsibility of organizing meetings, being forced to attend a few unpleasant sessions with the company's general counsel that led to no disciplinary action, and having a mean boss who sometimes told her she was stupid. "Rather it is the kind of ordinary workplace stress that is not actionable."); *Harriston v. Chicago Tribune,* 992 F.2d 697 (7th Cir. 1993) (no "extreme and outrageous" conduct where African–American employee alleged that she was not allowed to supervise white employees, reprimanded for no reason, denied participation in certain benefits, forced out of management, falsely accused of poor performance, threatened with discipline, and excluded from social activities); *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 684 (Ill App. Ct. 1999) (no "extreme and outrageous" conduct where employees alleged they were demoted, transferred, forced

community, upon hearing the facts pleaded in the amended complaint, would state that the government employees' actions were unacceptable and undoubtedly upsetting, but it would not lead him to exclaim, "Outrageous!"

Therefore, in light of the relevant case law, the allegations pleaded in the amended complaint simply do not rise to the level of truly extreme and outrageous conduct. Count four is dismissed without prejudice for failure to state a claim upon which relief can be granted. If Smith would like to try to amend her complaint to allege sufficient facts to plausibly suggest extreme and outrageous conduct by government employees, she is hereby given leave to do so.

One final thing bears mentioning. In the event Smith amends her complaint to sufficiently state a claim for IIED, the United States suggests that it should be summarily dismissed for lack of subject matter jurisdiction because Smith's only means of recovery is under the Federal Employees Compensation Act ("FECA") (Doc. 16, p. 13). The Court disagrees that it would be deprived of jurisdiction.

The FECA "is a workers' compensation plan for federal government employees." *Tippetts v. United States*, 308 F.3d 1091, 1094 (10th Cir. 2002). It is the "exclusive" remedy

---

to perform "demeaning" and "humiliating" tasks, harassed, intimidated, and threatened with termination, all in retaliation for having voiced safety concerns or in an effort to deter them from making complaints to the Nuclear Regulatory Commission. *But see Patterson v. Xerox Corp.*, 901 F.Supp. 274, 279 (N.D. Ill. 1995) (holding conduct was sufficiently outrageous to support a claim for intentional infliction of emotional distress where supervisor persistently harassed a pregnant employee, including berating the employee for missing work while the employee was hospitalized for premature labor); *Pavilon v. Kaferly*, 561 N.E.2d 1245, 1251 (Ill. App. Ct. 1990) (finding intentional infliction of emotional distress when an employer pressured an employee for dates, offered her money in return for sexual favors, and threatened to kill and rape her); *Milton v. Illinois Bell Telephone Co.*, 427 N.E.2d 829, 831 (Ill. App. Ct. 1981) (employer's action were outrageous when he demanded that plaintiff falsify work reports in violation of state law, and then retaliated against plaintiff when he refused with an extensive course of harassment, discrimination and coercion).

for federal employees injured on the job. *Noble v. United States*, 216 F.3d 1229, 1234 (11th Cir. 2000); *see also Fuqua v. United States Postal Serv.*, 607 F. App'x 570, 572 (7th Cir. 2015) ("The FECA generally provides the only avenue for federal employees to seek compensation from the government for workplace injuries" (citing *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983))); *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008) ("When the tort victim is . . . a federal employee . . . work-related injuries are compensable only under the FECA."). Consequently, if an employee's claim is covered by the FECA, he cannot bring a claim under the FTCA based upon that same injury. *Fuqua*, 607 F. App'x at 572; *Mathirampuzha*, 548 F.3d at 81; *Tippetts*, 308 F.3d at 1094. On the other hand, if the employee's claim is fundamentally outside the scope of the FECA, then the claim may proceed under the FTCA in district court. *Mathirampuzha*, 548 F.3d at 81**.** The Secretary of Labor is the only one who can decide whether a particular injury falls within the scope of the FECA's coverage. *Fuqua*, 607 F. App'x at 572; *Mathirampuzha*, 548 F.3d at 81; *Tippetts*, 308 F.3d at 1094.

Here, there is no indication that Smith sought a determination by the Secretary. Consequently, the Court cannot say for certain that Smith's IIED claim falls outside the scope of the FECA's coverage, and a substantial question exists as to coverage. *Tippetts*, 308 F.3d at 1094 ("[A] substantial question regarding [FECA] coverage exists unless it is certain the Secretary would not find coverage."); *accord Mathirampuzha*, 548 F.3d at 84 ("But unless it is clear that the FECA does not cover the type of claim at issue, there is a substantial question of FECA coverage.") When there is a substantial question whether FECA coverage exists, the proper course of action is not to dismiss the claim; the proper

course of action is to stay the proceedings so that the plaintiff can file a FECA claim and allow the Secretary of Labor to determine whether an injury is covered. *Fuqua*, 607 F. App'x at 572; *Mathirampuzha,* 548 F.3d at 84; *Tippetts*, 308 F.3d at 1094.

### 3.   Count five re: conspiracy

As for count five for conspiracy, the United States argues, in part, that this claim must be dismissed because Smith failed to exhaust her administrative remedies (Doc. 16, pp. 5–6). Specifically, the United States argues that Smith's administrative claim to the ATF can only be read to allege general negligence and assault, not a conspiracy (*Id.*). In other words, because Smith did not present any allegations of conspiracy in her administrative claim, she has not exhausted her administrative remedies for this cause of action, and it must be dismissed (*Id.*).

An individual cannot bring suit under the FTCA unless she has first presented her claim to the appropriate federal agency and that agency has denied the claim. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). A claim has been presented when the complainant has pleaded sufficient facts to put the agency on notice of the claim so that it may investigate. *Buechel*, 746 F.3d at 760. In other words, "if the claim would have been apparent to a 'legally sophisticated' reader of the form, then [the Court] will charge the agency with notice of that claim." *Palay v. United States,* 349 F.3d 418, 425–26 (7th Cir. 2003); *Buechel*, 746 F.3d at 760 ("Any claim 'implicit in the facts' should be deemed to have been presented to the agency."). In determining whether a claim has been presented to the agency, "*pro se* administrative complaint forms are 'entitled to a generous construction.'" *Buechel*, 746 F.3d at 760 (quoting *Palay*, 349 F.3d at 425–26).

Here, Smith completed a Standard Form 95 and submitted it to the ATF for review. The issue for the Court is whether the facts set forth in Smith's Form 95 were sufficient to put the ATF on notice of a conspiracy claim. In order to prevail on a claim for civil conspiracy under Illinois law, a plaintiff must show an agreement between two or more people for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means, and at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007).

Here, Smith's Form 95 states as follows:

> The Agency has been negligent by ignoring reported misconduct. This is a pattern. Ignoring has allowed the misconduct to evolve and elevate. In June 2013, my Coworker, Frances Bruce, threw papers at me and on me (physical contact). Although I reported the incident to Lisa Storey, she utilized her position to intimidate, in an effort to deter/silence me. Ignoring the misconduct has ranged from allowed verbal intimidations, to denying me mandated/allowed (EEO Appeal) leave time, to elevated physical contact. There are allegations of misconduct that were never investigated or addressed.
>
> I am and have suffered deep mental anguish, sleepless nights, and emotional distress due to not knowing from day to day what will happen. Also, Lisa Storey has communicated on occasions how the Agency is tracking/monitoring me. The Agency tracking/monitoring is understood by past and present complaining parties, as the Agency's efforts to terminate an employee.

(Doc. 16-1).

The Court concludes that there is not enough information in the Form 95 for a legally sophisticated reader to recognize that when Smith claimed her complaints of

harassment went unaddressed, she was implying that it was the result of a conspiracy among ATF officials. Based on the Form 95, it appears as though Smith's complaint is limited to the actions of her supervisor and her co-worker. There is no indication that Smith ever went to officials above her supervisor, or that they also ignored her complaints. Additionally, nothing about the allegations suggests that Smith's supervisor and her co-worker conspired with each other in order to achieve some illicit purpose, let alone with other agency officials as part of some agency-wide scheme. The simple fact that Smith's complaints went unaddressed on more than one occasion is not enough to alert anyone that a conspiracy may be afoot. *See Buckner v. Atl. Plant Maint., Inc.*, 694 N.E.2d 565, 571 (Ill. 1998) (The mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss.")

Accordingly, count five for conspiracy must be dismissed with prejudice for failure to exhaust.[5]

### 4.   Counts eight and nine re: violations of ATF orders and a federal criminal statute

In counts eight and nine, Smith asserts FTCA claims against the United States based on alleged violations of ATF Orders and a federal statute. Specifically, Smith alleges that her supervisor violated ATF Order 1340.4A[6] and 18 U.S.C. § 2071[7] when she

---

[5] Dismissal is pursuant to Rule 12(b)(6). *See, e.g., Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 n.1 (7th Cir. 2014).

[6] Smith alleges in the amended complaint that ATF Order 1340.4A is entitled "Preserve and Produce Bureau Records, Documents, and Information Subject to the Legal Process" (Doc. 3).

[7] Section 2071 criminalizes the intentional destruction of government records and documents. *See* 18 U.S.C. § 2071. It provides:

> (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk

removed the hard drive from her computer, possibly deleting relevant or even critical information regarding Smith's discrimination complaint, before the EEOC was finished investigating (*see* Doc. 3, p. 6). Smith further alleges that her supervisor violated ATF Order 8610.1B[8] when she retaliated against Smith for filing an EEOC complaint, a whistleblower complaint, and other grievances (*see* Doc. 3, p. 6).

The Government argues that these claims are barred under the FTCA because the underlying actions do not give rise to state law tort claims (Doc. 16, pp. 17–18). The Court agrees.

The FTCA only waives sovereign immunity where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances). "This requirement means the court must find a parallel to [the plaintiff's] claims under Illinois law." *Mayorov v. United States*, 84 F. Supp. 3d 678, 697 (N.D. Ill. 2015) (citing *United States v. Olson*, 546 U.S. 43, 44 (2005)). Thus, an alleged violation of a federal statute or agency directive can only form the basis for an

---

or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

(b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.

[8] Plaintiff alleges in the amended complaint that ATF Order 8610.1B pertains to "Conduct Prejudicial to the Government," which includes "criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct" (Doc. 3). According to Plaintiff, examples of this conduct include "retaliation for filing EEO complaint, whistleblower complaint, grievances, or any other protected activity" (Doc. 3).

FTCA claim if the state law imposes a similar obligation upon private persons. *Ochran v. United States,* 273 F.3d 1315, 1317 (11th Cir.2001) ("[T]he FTCA was not intended as a mechanism for enforcing federal statutory duties."); *Johnson v. Sawyer,* 47 F.3d 716, 728 (5th Cir.1995) (en banc) (FTCA does not apply where the alleged negligence "arises out of the failure of the United States to carry out a [federal] statutory duty"); *Klett v. Pim,* 965 F.2d 587, 589 (8th Cir. 1992) ("The violation of a federal statute or administrative regulation by an agency of the United States does not, standing alone, create a cause of action under the FTCA. [F]ederally imposed obligations, whether general or specific, are irrelevant to our inquiry under the FTCA, unless state law imposes a similar obligation upon private persons.")

With respect to count eight, Smith did not identify a tort for which a private person could be found liable for removing their hard drive before the completion of a government investigation (*see* Doc. 18). Perhaps Smith's claim could be characterized as one for spoliation of evidence; however, Smith has failed to allege facts sufficient to state such a cause of action. To state a claim for spoliation of evidence under Illinois law, the plaintiff must allege that the defendant owed him a duty to preserve the evidence, that the defendant breached that duty, and that the defendant's breach caused the plaintiff to be unable to prove an otherwise valid cause of action. *Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004); *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 271–72 (Ill. 1995). Here, Smith has not alleged that her supervisor had a duty to preserve the evidence on her computer, nor has Smith indicated what evidence was lost or how it would have led to a favorable ruling on her discrimination complaint (*see* Doc. 18).

In the alternative, perhaps Smith's claim could be characterized as one for misrepresentation because the removal of the hard drive presumably led to the communication of incomplete or inaccurate information to the EEOC regarding Smith's discrimination complaint. To the extent that is true, Smith would be barred from asserting this claim because the FTCA expressly excludes claims arising out of misrepresentation. 28 U.S.C. § 2680(h). *See Omegbu v. United States*, 475 F. App'x 628, 629 (7th Cir. 2012) (FTCA exceptions for misrepresentation and deceit encompass claims for "the willful mishandling of records"); *Muniz-Rivera v. United States*, 326 F.3d 8, 13 (1st Cir. 2003) (FTCA exception for misrepresentation "insulates the government against liability for conveying false or inaccurate information"); *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012 (7th Cir. 1991) ("The FTCA exceptions for misrepresentation and deceit certainly encompass Deloria's claim that VA officials conspired to distort his medical records and misrepresent the law."). Accordingly, count eight must be dismissed because Smith failed to state a claim under Illinois tort law, which is a prerequisite to an FTCA claim.[9]

As for count nine, Smith did not identify a tort for which a private person could be found liable for retaliating against her because she filed an EEOC complaint, a whistleblower complaint, and other grievances (*see* Doc. 3, p. 6). And the Court is not aware of any common law tort for retaliation or any other basis for a tort action under Illinois law.

The only basis upon which the Court can imagine Smith proceeding is a First

---

[9] Dismissal is pursuant to Rule 12(b)(6) for failure to state a claim.

Amendment claim pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 397 (1971).[10] Smith cannot replead this claim as a constitutional cause of action under *Bivens*, however, because the basis of this claim is retaliation for filing a discrimination complaint with the EEOC and whistleblowing activity, and these claims must be filed under Title VII and the Civil Services Reform Act, respectfully. *Mlynczak v. Bodman*, 442 F.3d 1050, 1057 (7th Cir. 2006) (Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." (quoting *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976))); *Richards v. Kiernan*, 461 F.3d 880, 885 (7th Cir. 2006) (The Civil Service Reform Act provides the exclusive remedy for a whistleblower cause of action).

Accordingly, count nine must be dismissed because Smith failed to state a claim under Illinois tort law, which is a prerequisite to an FTCA claim.[11]

### 5.  Count ten re: violation of the Whistleblower Protection Act

In count ten, Smith asserts an FTCA claim against the United States alleging that ATF employees violated the Whistleblower Protection Act of 1989 when they harassed and retaliated against Smith for filing an administrative complaint and when they failed to remedy the continuous harassment or otherwise protect her (*see* Doc. 3, p. 5). The United States argues that Smith cannot pursue a claim under the FTCA for a violation of the Whistleblower Protection Act (Doc. 16, p. 19). The Court agrees. As previously

---

[10] "*Bivens* authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005).

[11] Dismissal is pursuant to Rule 12(b)(6) for failure to state a claim.

mentioned, the Civil Services Reform Act provides the exclusive remedy for claim brought pursuant to the Whistleblower Protection Act, which Smith has already pursued by filing an Individual Right of Action with the MSPB. *See supra* pp. 20–21, 2–3. *Richards v. Kiernan*, 461 F.3d 880, 885 (7th Cir. 2006). Accordingly, count ten is dismissed with prejudice.[12]

### 6.   Count eleven re: violation of Title VII

In count eleven, Smith asserts an FTCA claim against the United States alleging that ATF employees violated the Civil Rights Act of 1964 when they harassed and retaliated against Smith for filing a discrimination complaint (*see* Doc. 3, p. 5). The United States argues that Smith cannot pursue a claim under the FTCA for racial discrimination or a violation of her civil rights because Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." (Doc. 16, pp. 16, 19). The Court agrees. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976); *Pueschel v. United States,* 369 F.3d 345, 348 (4th Cir. 2004); *Mathis v. Henderson,* 243 F.3d 446, 449 (8th Cir. 2001).

Accordingly, count eleven is dismissed with prejudice. Smith may be able to bring a claim under Title VII itself, however, as opposed to the FTCA. If Smith would like to try to amend her complaint to plead Title VII claim, she is hereby given leave to do so. Smith is cautioned, however, that the only proper defendant in a Title VII suit by a federal employee is the head of the employing agency—in this case, the Department of

---

[12] Dismissal is pursuant to Rule 12(b)(6). *Richards v. Kiernan*, 461 F.3d 880, 886 (7th Cir. 2006).

Justice. 42 U.S.C. § 2000e–16(c). Therefore, Smith must name the Director of the DOJ as a Defendant and properly serve her with the amended complaint.

### 7.   Count twelve re: due process violation

In count twelve, Smith asserts an FTCA claim alleging the United States violated her due process rights under the Fourteenth Amendment Claim by establishing a pattern or practice of harassing and retaliating against employees who file discrimination complaints or engage in whistleblowing (Doc. 3). The United States argues that this claim must be dismissed because the FTCA excludes claims alleging violations of the Constitution (Doc. 16, pp. 18–19). The Court agrees; constitutional tort claims are not cognizable under the FTCA. 28 U.S.C.A. § 2679(b)(2)(A); *FDIC v. Meyer*, 510 U.S. 471, 475-78 (1994).

It also worth mentioning that, for the reasons stated above, Smith cannot replead this claim as a constitutional claim pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 397 (1971). *See* p. 21 above. Accordingly, count twelve is dismissed with prejudice.[13]

---

[13] Dismissal is pursuant to Rule 12(b)(6). *See, e.g., Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (explaining that Rule 12(b)(6) provides for dismissal "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim.").

## CONCLUSION

The Motion to Dismiss filed by the Bureau of Alcohol, Tobacco, and Firearms (Doc. 15) is **GRANTED.** The ATF is **DISMISSED** with prejudice from this action.

The motion to dismiss filed by the United States (Doc. 16) is **GRANTED.** The Court **DISMISSES** all counts of the Amended Complaint as follows: Counts one, two, three, five, six, seven, eight, nine, ten, and twelve are **DISMISSED with prejudice**. Count eleven is **DISMISSED with prejudice** as to the United States; but Smith is **GRANTED** leave to amend to name a proper defendant and sufficiently allege a claim under Title VII. Count four is **DISMISSED without prejudice**, and Smith is **GRANTED** leave to amend to sufficiently allege a claim for intentional infliction of emotional distress. Smith has until **July 11, 2016**, to file a second amended complaint. If Smith fails to do so, this dismissal will convert into a dismissal with prejudice, and the entire action will be dismissed with prejudice.

Finally, Smith's motion for reconsideration (Doc. 27) is **DENIED**. The previously imposed discovery stay (*see* Doc. 24) will remain in place until further Order of this Court.

**IT IS SO ORDERED.**

**DATED:   June 7, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**